UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:17-CV-81213-ROSENBERG/HOPKINS

MAYRA ROBERTO &
EDUARDO FERRO,

    Plaintiffs,

v.

SHENDELL & ASSOCIATES,
P.A.,

    Defendant.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

This cause is before the Court on Defendant's Motion to Dismiss [DE 13]. The Motion has been fully briefed. For the reasons set forth below, the Motion is granted in part and denied in part.

### I.    FACTUAL ALLEGATIONS

Plaintiff Eduardo Ferro is the owner of real property. Plaintiff Mayra Roberto received a letter from Defendant.[1] Plaintiffs allege that the letter was an improper attempt to collect upon a debt (pertaining to homeowner's association dues owed by Mr. Ferro) because, *inter alia*, Defendant misstated the amount owed by approximately four hundred dollars. In response, Plaintiffs initiated this lawsuit, bringing four claims under the Fair Debt Collection Practices Act.

### II.    STANDARD OF REVIEW

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), this Court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiff; however, a plaintiff is still obligated to provide grounds of his or her entitlement to relief which requires more than labels, conclusions and a formulaic recitation of the

---

[1] As best as the Court can discern, Ms. Roberto resides with Mr. Ferro.

elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561-563 (2007). Unwarranted deductions of fact in a complaint cannot be admitted as true for the purposes of testing the sufficiency of the allegations. *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005). The facts as pled must state a claim for relief that is plausible on the face of the pleading. *Iqbal*, 556 U.S. at 678-69.

### III. ANALYSIS

Defendant argues that this Court should take judicial notice of certain documents and, after notice is taken, Plaintiffs' claims must be dismissed with prejudice. The Court addresses each of these points in turn.

#### A. Judicial Notice

Defendant requests that the Court take judicial notice of certain public records: a warranty deed, declarations and bylaws of a homeowner's association, and a complaint filed in state court. On a motion to dismiss, a court may take judicial notice of public records without converting the motion to dismiss into a motion for summary judgment. *Gastaldi v. Sunbest Cmtys. USA, LLC*, 637 F. Supp. 2d 1045, 1054 (S.D. Fla. 2009) (citing *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271 (11th Cir. 1999)).

In response, Plaintiffs cite to *Doss v. Clearwater Title Co.*, 551 F.3d 634, 640 (7th Cir. 2008) for the proposition that this Court should not take judicial notice of the public records cited by Defendant, but *Doss* has no application to the facts before this Court. In *Doss*, the district court erred by considering a deed attached to a motion to dismiss. The appellate court found that the district court had erred for three reasons. First, the deed injected new facts into the case. *Id.* at 636 ("That motion introduced a new factual assertion into the case."). Second, the deed was a challenged document—the plaintiff contended that the deed was a forgery. *Id.* at 637. Third, as a

result of the two foregoing factors, the district court could not have determined that the deed was "not subject to a reasonable dispute." *Id.* at 640. None of these facts apply here.

First, in this case Defendant has not proffered the public records for the purpose of introducing new facts in this case, but primarily to demonstrate that the allegations in Plaintiffs' Complaint are objectively false. Second, Defendant's proffered public records are central to Plaintiffs' claims and Plaintiffs' Complaint. Third, Plaintiffs do not challenge in any way the authenticity of the public records, nor can the Court discern any reason to conclude that the statements in the public records are subject to a reasonable dispute.[2] For the foregoing reasons, the Court takes judicial notice of the public records attached to Defendant's Motion to Dismiss.

**B. <u>Plaintiffs' Complaint</u>**

Based upon the Court's judicial notice of the documents referenced above, many of Plaintiffs' central allegations are false. For example, Plaintiffs allege that "[t]he Claim of Lien stated that Mayra Roberto and Eduardo Ferro failed to make [payments]," however, it is clear that the Lien was only addressed to Mr. Ferro, the owner of the property. DE 1-3 at 2. Plaintiffs allege that the Defendant filed a "Complaint to foreclose on a lien and take the Plaintiffs [sic] property," but Ms. Roberto does not own the real property in this case. DE 1 at 4. Plaintiffs allege that Defendant "sent Mayra Robert *another* letter attempting to collect," but the attachments to the Complaint demonstrate that the prior letters were addressed only to Mr. Ferro. *Id.* (emphasis added).

Because Ms. Roberto does not own the real property in this case, Defendant cites to two cases for the proposition that if an FDCPA plaintiff is not a debtor, and has no obligation to pay a

---

[2] On page 23 of Plaintiffs' Response, Plaintiffs state that the public record documents are "subject to reasonable dispute," but Plaintiffs offer no explanation how this is so. Plaintiffs' statement, then, appears to be a conclusory assertion that the holding in *Doss* applies to the instant case.

debt, the plaintiff lacks standing to pursue an FDCPA claim.³ *Johnson v. Ocwen Loan Serv*, 374 F. App'x 868, 873 (11th Cir. 2010) ("[Plaintiff's] amended complaint fails to establish Article III standing, because [the plaintiff] was not a borrower or other obligated on the []loan."); *Coburn v. Gonzalez*, 141 F. Supp. 3d 1339, 1342 (S.D. Fla. 2015) ("[Plaintiff] owes no money to the Defendant and nothing in the Complaint . . . indicates otherwise.  As such, the Court finds that she lacks standing to sue for damages under the FDCPA.").  For their part, Plaintiffs cite to out-of-circuit authority for the proposition that anyone—even someone who does not owe a debt—can sue for improper debt collection practices. *Aviles v. Wayside Auto Body, Inc.*, 49 F. Supp. 3d 216, 218 (D. Conn. 2014).

The Court concludes that Plaintiffs should be afforded the opportunity to amend their Complaint.  The Court reaches this conclusion for three reasons.  First, Plaintiffs have not yet amended their pleading in this case.  Second, Plaintiffs' Complaint is sufficiently inapposite with the public record, and contains enough facts that are contradicted by the public record, that it is difficult for the Court to evaluate Plaintiffs' Complaint and the parties' respective legal arguments. Third and finally, the central component of Defendant's Motion to Dismiss is that because Ms. Roberto is not an owner of the real property at issue in this case, and because the alleged improper debt collection in this case is confined to a letter that was addressed only to Ms. Roberto, Plaintiffs' case must be dismissed.  But Defendant's Motion to Dismiss contains a lack of legal authority specific to this issue.  Defendant's legal argument on this point runs from page 4 in its Motion to page 7.  Although Defendant cites to a few cases on judicial notice, and a few cases on the least-sophisticated standard in the FDCPA, Defendant does not cite to any cases in support of its central

---

³ Defendant also argues that Mr. Ferro cannot bring his FDCPA claim based upon a letter addressed to Ms. Roberto, but for the reasons discussed below this argument is denied without prejudice.

proposition—that this case must be dismissed because of the ownership issues described above. In response, Plaintiffs briefly cite and discuss two district court cases for the proposition that this case should not be dismissed, ownership issues notwithstanding. In Reply, Defendant briefly cites to two cases (both of which are referenced above), but one of those cases is an unpublished decision by the Eleventh Circuit and the other is a district court decision. The Court declines to rule on this issue until the parties have provided better briefing on the topic.

## IV. CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss [13] is **GRANTED IN PART AND DENIED WITHOUT PREJUDICE IN PART**. The Motion is **GRANTED** insofar as the Court takes judicial notice of the documents in the public record attached to Defendant's Motion to Dismiss and Plaintiffs' Complaint is **DISMISSED WITHOUT PREJUDICE** for Plaintiffs to file an amended complaint as more fully specified in this Order. The Motion is **DENIED WITHOUT PREJUDICE** in all other respects and the parties may renew any argument denied without prejudice. Plaintiffs shall file an amended complaint within five (5) days of the date of rendition of this Order. Because the amended pleadings deadline in this case expired on January 12, 2018, Plaintiffs' amended complaint must not bring any new causes of action.

**DONE and ORDERED** in Chambers, Fort Pierce, Florida, this 16th day of March, 2018.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record